## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**WILLIE SLAPPY, JR.**                                                                                          **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:05CV-P176-R**

**LIVY LEVELL, JR., JAILER**
**HOPE STRINGEAR, NURSE**                                                                      **DEFENDANTS**

### OPINION

The plaintiff, a convicted inmate at the Christian County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging inadequate medical treatment. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff brings this action against Christian County Jailer Livy Levell, Jr., in his official capacity, and against Nurse Hope Stringear in her individual and official capacities. He alleges that he filled out a medical request form on June 4, 2005, asking to be seen for a boil on his lower right jaw. On that date, Nurse Stringear examined him and then diagnosed him with a boil on his jaw. The plaintiff was prescribed Keflex, an antibiotic, and "[t]hrough the negligence of Nurse Stringear [he] was also Given a prescription to a antipsychotic medical (Seroquel)." While taking the Seroquel, he experienced numerous side effects, including brief blackouts, severe mood swings, and a severe decrease in energy.

On August 12, 2005, the plaintiff filled out a medical request form and was seen by an unidentified male nurse. The plaintiff opined that his complications stemmed from the Seroquel, and the unnamed nurse agreed. The nurse asked the plaintiff why he was taking the medication, and the plaintiff informed him that it was for the boil on his jaw. The nurse advised the plaintiff

that Seroquel was "a mental and emotional medication" and directed him to continue taking it but to sign up to see the nurse on August 15, 2005. On that date, the plaintiff was seen by Nurse Eddie Yolkum, who inquired whether he had been evaluated by mental health staff. The plaintiff answered in the negative. Nurse Yolkum advised that he would check into the situation, but according to the plaintiff, "he did not return and I haven't heard anything from anyone In Medical or the Institutions Athorities though I have made several requests to speak to them."[1]

For the above-identified actions, the plaintiff claims that the defendants violated his rights, under both the United States and Kentucky Constitutions, to adequate medical attention and to protection and safety as "[t]here was no medical reason for Plaintiff to recieve the antipsychotic (Seroquel) it was Given to him through the negligence of Nurse Stringear." He seeks money damages, punitive damages, and damages for pain and suffering and mental anguish, and he seeks an order directing the defendants to pay for any medical treatment stemming from complications related to his taking the Seroquel.

The plaintiff reports that the Christian County Jail does not have a grievance procedure in place. He, nonetheless, filed medical request forms and wrote a letter on August 15, 2005, to Col. Brad Boyd and Jailer Levell informing them of the situation. As a result, he "was taken off the Seroquel Medication The following morning 8/16/05." Since cessation of the Seroquel, he has experienced a craving for the medication, more severe mood swings, and extended periods of sleeplessness.

---

[1] The Court notes that the plaintiff filed his complaint only two weeks later on August 29, 2005.

2

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this Court is not required to create a claim

for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Federal constitutional claims

Preliminarily, the Court notes that the plaintiff fails to identify which constitutional provision he claims has been violated. Because he is a convicted prisoner alleging inadequate medical treatment, the Court presumes he is alleging a violation of the Eighth Amendment to the United States Constitution and construes the complaint accordingly.

The Eighth Amendment generally proscribes punishments that are incompatible with the evolving standards of society or that involve the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). If the challenged conduct does not involve a criminal penalty, a viable Eighth Amendment claim includes both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

The objective component requires that the pain be serious. *Hudson v. McMillian*, 503 U.S. 1, 6-10 (1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Id.* at 8. The subjective component requires the plaintiff to show that the defendants acted with deliberate indifference or recklessness, *i.e.*, with more than mere negligence. *Farmer v. Brennan*, 511 U.S. at 835-36; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th

Cir. 1995); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837-38 (citations omitted).

In the context of a § 1983 claim for inadequate medical care, prison officials violate a prisoner's civil rights if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. at 104-06. Not every claim of inadequate medical treatment, however, states an Eighth Amendment violation. *Id.* at 105. The indifference must be substantial; that is, it must be an offense to "evolving standards of decency." *Id.* at 106. Allegations of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis or treatment of a prisoner fail to state a cause of action. *Id.* at 105-106. Simply stated, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106.

      **1. Nurse Stringear:  individual capacity**

It is unclear whether Nurse Stringear actually prescribed the Seroquel or merely dispensed the medication. Under either scenario, the plaintiff has failed to demonstrate any deliberate indifference on her part. He makes no allegation that Nurse Stringear acted with malice, that she knew that she was providing him with the wrong medication, or that she knew of the resulting side effects to him, and he does not report any further treatment by Nurse Stringear. As conceded by the plaintiff in the complaint, Nurse Stringear's prescribing/dispensing of the wrong medication was, at most, a negligent act possibly cognizable under state tort law but

clearly incognizable under federal constitutional law. Consequently, the Eighth Amendment claim against Nurse Stringear in her individual capacity will be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 2. Jailer Levell and Nurse Stringear: official capacity

If an action is brought against an official of a governmental entity in his or her "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, the plaintiff's official capacity claims against Jailer Levell and Nurse Stringear are actually brought against the municipality – Christian County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court has already concluded that Nurse Stringear's action of giving the plaintiff Seroquel did not rise to the level of a constitutional violation, and the plaintiff has failed to describe any other unconstitutional conduct by any municipal employee. Thus, the plaintiff has failed to meet the first prong of a municipal liability claim.

As to the second prong, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action

for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

"Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington v. Skeeter*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington v. Skeeter*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury

was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, the plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. He describes one incidence of negligence on the part of Nurse Stringear, and he fails to trace any unconstitutional conduct to the municipality or to any decisionmaking individual of the municipality. In fact, he reports that the morning after advising a colonel and the jailer about his situation, the Seroquel was ceased.

As nothing in the complaint demonstrates that the alleged injuries to the plaintiff resulted from the application of any Christian County policy or custom, *see Bennett v. City of Eastpointe*, 410 F.3d 810, 819 (6th Cir. 2005) ("The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue."), the complaint fails to establish a basis of liability against Christian County and fails to state a cognizable § 1983 claim. The official capacity claims will therefore be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B.  State constitutional claims

The plaintiff additionally alleges that his rights to adequate medical treatment and to protection and safety under the Kentucky Constitution were violated. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will

dismiss the federal claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will therefore be dismissed without prejudice.

      The Court will enter a separate Order consistent with this Opinion.

Date:

cc:    Plaintiff, *pro se*
        Defendants
        Christian County Attorney
4413.005